## No. 8597.

### SUCCESSION OF MRS. THERESA BAUMGARDEN.

A testamentary executor has the legal right to take and prosecute an appeal, in his official capacity, from a judgment placing the heirs in possession of the property of the succession, for which said executor had been appointed and qualified.

A bond of appeal signed by him in his capacity of executor is valid. The appearance of an appellee and urging other grounds of dismissal before that of want of citation, cures the defect of such want of citation of appeal on him.

In a succession where the deceased has left heirs of age and a minor heir, and in which he left a will, making special legacies of movable and immovable property, and appointed testamentary executors, the heirs of age cannot dispossess the executors, before an inventory is completed, and a tutor is legally qualified for the minor heir, and thus avoid an administration. In such a case, the distribution of the legacies is an act of administration which must be performed, as indicated in the will, by the testamentary executors, and an administration therefore becomes necessary.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

*W. B. Koontz* and *T. Gilmore & Sons* for the Executors, Appellants:

1. Testamentary executors continue in office until the estate is finally wound up, R. C. C., 1673, unless removed from causes specified by law. C. P. 1013 *et seq.*

2. An ex-parte order, without notice to the executors, putting three heirs in possession of three-fourths of a succession, the remaining heir being a minor, before a partition, and without payment of debts, is a nullity, and does not *ipso facto* divest the executors of their seizin. C. P. 1000, 1003; Rabin vs. Nolan, 4 R. 283; Caldwell vs. Cooper, 6 R. 9; R. C. C. 1047; Blake vs. Kearney, 30 An. 389; Succession Roffignac, 21 An. 364.

3. The executors have the right to appeal from such a judgment or order. Succession of McKenna, 23 An. 370; Succession Egana, 18 An. 63; Ready vs. New Orleans, 27 An. 170; Payne vs. Dejean, 32 An. 890.

4. An appeal bond given for an amount fixed by the court, will be sufficient to maintain an appeal. Hughes vs. Caruthers, 26 An 530; Taylor vs. Pipes, 24 An. 531: Succession McCall, 19 An. 507; Succession Armant, 20 An. 340; Elder vs. New Orleans, 30 An. 500.

5. The case in which the appeal bond is filed is clearly designated, when described in the body of the bond, and when it conforms to the description in the order of the Judge granting the appeal. Gernon vs. Gayle, 34 An. 338.

*J Ad. Rozier, V. J. Rozier* and *L. L. Levy* for the Appellees:

1. The will constituting the four children of testatrix the universal legatees, being probated, ordered to be registered and executed, they had a right, without citation or notice to executors, to present petition for possession, making proof of no legacies; no debts unpaid; there was no issue of fact to be tried, especially when executors had not qualified. The opposition of heirs to the issuing of letters testamentary must be sustained. The Art. 1671, R. C. C., is applicable; 32 An. 321, Suc of Walker.

2. If in a testate succession there be neither debts nor legacies to pay, nothing to execute, the appointment of an executor is inoperative. Suc. of Walker, 32 An. 321, and authorities therein cited by the Court. Suc. Dupuy, 4 An. 572; Suc Hoy, 3 An. 502.

3. The seizin of the executor, fiction of law, which does not interfere with the legal possession of the heir—the latter, true possessor—same authorities. The heir, in case no debts, no legacies to be paid, can take the seizin from the executor, which is not constituted for his personal advantage; in such a case, the pretensions of an executor is an unlawful intrusion.

The heir is really the one in possession, notwithstanding there be a will and an executor ap-

pointed, even with seizin. The seizin of the executor is not a true possession; he holds in the name of the heir 14 Laurent, § 339; Demolombe, vol. 1, Suc. p. 133; same, C. C. 934; 15 La. 537; 7 Rob. 133; 12 Rob. 258; 2 An. 339.

The appointment of an executor, with the seizin of the succession, is not a substantial testamentary disposition, independent of any other. 4 An. 572; Frazier & Adams vs. Hills, 5 An. 113; C. C. 987, 988, 984. Considered as heir *ab initio*.

4. The heir can, at any time, take seizin, on complying with Art. 1012, by giving security. 1671, 1012; 2 Rob. 382; 3 Rob. 349; 3 An. 706. No creditor has asked for security. In this testamentary succession there are no legacies, save that of a few movables devised to the youngest child, whose tutor is the very same Zimmerman who figures herein. The other two legacies, 1st, an immovable to Zimmerman, (one of the appellants) who has had himself put in possession on his own petition; the other immovable is the dwelling house, to Marietta Schopp, as to all of which the heirs acknowledge possession in them. There remains nothing for the mandate of the executors. The seizin is not for the lucre of the executor. Coin Delisle, p. 489; Demolombe, vol. 5, p. 48.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. This record presents two appeals taken by Charles Kummel and Charles Zimmerman, as executors of the last will of the deceased, and by Charles Zimmerman, as tutor of the minor Lilly Baumgarden.

The first is a devolutive appeal taken from a judgment of the lower court placing the three heirs of age in possession of their shares of the succession, rendered on the 20th of February, 1882, and the other, a suspensive appeal taken from a judgment rendered on the 30th of March of the same year, dismissing an action instituted on the 24th of February, 1882, by the same parties in the same capacities, for the nullity of the judgment rendered on the 20th of that month.

The motion to dismiss both appeals urges several grounds, which we shall consider in their order:

### I.

That appellants have failed to show any appealable interest in the premises, and have no authority to appeal in their alleged capacities. The record shows that Kummel and Zimmerman, who were appointed as executors by the deceased in her will, had been qualified as such when the order of February 20th, 1882, was rendered. As executors it was their right and their duty to take charge of the property of the succession and to proceed in the execution of the testator's will, and as such they had the undoubted power to prosecute an appeal from a judgment purporting to disturb their possession and control of the estate. It is not sound to argue in support of this motion that the order of February 20th vacated their functions. This is the very question for solution under the appeal. There is no force in the position of appellees that Charles Zimmerman has acquiesced in the judg-

ment putting the heirs in possession, by taking possession of a piece of property which had been bequeathed to him by the testatrix. He was put in possession under a separate and distinct proceeding instituted by himself, for the purpose of enforcing his rights as legatee. Succession of McKenna, 23 An. 370.

## II.

That the appeals were not filed in time, appellants having failed to furnish the bonds required of them by the order of appeal rendered below on the 6th of April, 1882.

The record shows in this connection that appellants had applied for suspensive appeals from both judgments rendered in the premises; that the Judge had refused a suspensive and granted only a devolutive appeal from the judgment of February 20th, 1882, and had granted a suspensive appeal from the other judgment; making both returnable on the 3d Monday of April following, and fixing the amount of the bonds at $150 each, and that appellants furnished their bond in the suspensive appeal on the 10th of that month. It appears further, that on proper showing made before this Court, on the 19th of April, on the 3d of May and on the 17th of May, additional delays were given to file the transcript of appeal " in the succession of Theresa Baumgarden," the last of which expired on the 18th of June, 1882, and the transcript was filed on the 16th of that month.

These facts certainly save the suspensive appeal: that which was taken from the decree dismissing the action in nullity of the judgment of February 20th, 1882.

As these two judgments are ingredients or steps forming part of the proceedings looking to the settlement of the succession, we construe the various motions made by appellants for extension of delays, as applying to and including both appeals. The fact that the appeal bond in the devolutive appeal was furnished only on the 11th of May, the order having been made on the 6th of April previous, is explained to our satisfaction by the following circumstances and incidents:

Believing that there was error to their prejudice in the Judge's refusal of a suspensive appeal from his judgment placing the heirs in possession, appellants applied for relief by mandamus and prohibition to this Court, and under the effect of the alternative writ of prohibition, matters were kept in abeyance and suspense, until our opinion, which is reported in 34 An. page 654, was rendered. Hence, we conceive that their appeal bond was furnished in time, and we therefore hold that the devolutive appeal was not presented too late.

### III.

The objection that neither of the appeal bonds is sufficiently iden-
tified with either of the judgments is answered by the mere reading of
the bonds, which show clearly that the bond furnished on the 10th of
April refers to the suspensive appeal, and that the bond of May 11th
covers the devolutive appeal.

### IV.

Having recognized the right of appeal of Kummel and Zimmerman
in their respective capacities, we see no force in the objection that they
should have executed their bonds in their individual capacity and not
as executors and as tutor.

### V.

The objection that the amount of each of the bonds is insufficient, is
answered by our jurisprudence, which has settled that in such cases the
appellant, in furnishing his bond in the amount fixed by the court,
satisfies the requirements of the law. Elder vs. New Orleans, 31
An. 500.

### VI.

Several months after filing a motion to dismiss these appeals, on the
grounds which we have just disposed of, appellees presented an addi-
tional motion, urging the want of service of citation of appeal, and
that, therefore, the proper parties were not before the court.

In urging this ground they manifestly lose sight of their own
previous appearance by which they had made themselves parties.

After appearance by appellees it is too late to complain of want of
citation. This is a self-evident proposition needing no argument in its
support. Foote vs. City of New Orleans, 20 An. 22; Lee vs. Goodrich,
21 An. 278; Jones vs. Shreveport, 28 An. 835.

The motions to dismiss are, therefore, overruled.

---

### ON THE MERITS.

Theresa Baumgarden died on February 5th, 1882, leaving a last will
and testament which was ordered to be executed on the 14th of
the same month, on which day Charles Zimmerman and Charles Kum-
mel, appointed testamentary executors, were confirmed as such. On
the 16th of the same month they were sworn as executors, and letters
testamentary were issued to them, whereupon they proceeded to have
an inventory made of the effects of the succession, which had been
ordered on their petition on the 14th of that month.

At this stage of the proceedings, on a petition of the three heirs of
age, an order was rendered by the court placing said heirs in possession

of their shares of the estate, from which order Zimmerman and Kummel, as executors, and Zimmerman, as testamentary tutor of the fourth heir, a minor, have taken an appeal. They have also appealed from a judgment dismissing an exception of no cause of action, a suit which they had instituted for the nullity of the judgment placing the heirs of age in possession of the succession.

The question involved in both appeals is the legality of the judgment rendered *ex parte* on the 20th of February, 1832, placing the heirs in possession and practically doing away with the administration of the succession by the executors appointed by the will.

This question presents the issue as to the necessity of an administration of the succession under the circumstances shown by the record.

In her will Mrs. Baumgarden made the following special legacies:

1. To her daughter Marietta, she bequeathed over and above her legal share, the house and lot occupied by the deceased.

2. To her brother Charles Zimmerman, she bequeathed a house and lot adjoining her residence above mentioned.

3. To her daughter Lilly, yet a minor, she bequeathed over and above her legal share, all her bed and table linen, silverware and jewelry.

And in the will she appointed her brother, Charles Zimmerman, as tutor of her said minor daughter, Lilly Baumgarden.

The distribution of these various legacies to the legatees must be preceded by an inventory, showing the total amount or value of the property depending upon the succession, and the value of each item of property made the subject of a special legacy, for the purpose, among others, of ascertaining whether the legacies would or not exceed the disposable portion of the property of the testatrix. This inventory was also necessary for the qualification of the tutor of the minor, Lilly Baumgarden, who could not be qualified before recording his bond of tutorship, (Section 2360 Revised Statutes,) and who could not furnish a legal bond before ascertaining by an inventory the amount of the minor's credit, money and other movable effects, as well as the value of the special legacy accruing to her under the terms of the will. C. C. Art. 318.

These are all acts necessary to a proper settlement of the succession and to the execution of the will of the deceased, and under the will, which is the law of the case, these acts must be performed by those persons to whom she has conferred the mandate and who are willing to accept the trust.

It is, therefore, clear that the practical effect of the *ex parte* judgment complained of is to defeat the execution of the will in the manner and form of execution indicated by the testatrix, to remove a portion

of the estate from the control and administration of the executors, and to leave in their hands that portion which accrued to the minor, who has not asked through a proper representative to be placed in possession of the share accruing to her either as heir or as legatee. As shown above, her testamentary tutor could not be legally qualified before inventory, and the record shows no appointment of a special tutor to her. As a minor, she must by the force of the law claim the benefit of inventory, and hence she could not as yet be placed in possession of her share of the estate, unless it should be under the exceptional circumstances of the case of Soye vs. Price, 30 An. 93, which are not here presented.

That circumstance, coupled with the necessary acts of administration to be performed under the will, placed the succession directly under the operation of Article 1047 of our Civil Code, and in the absence of an administration provided for in the will, would have necessitated the appointment of an administrator. Blake et al. vs. Kearney et al., 30 An. 388.

Appellees contend that the succession owes no debts, and that, therefore, an administration is unnecessary, and that the costs of the same should not be inflicted on the heirs and legatees, and they rely upon the decisions in the Succession of Story, 3 An. 502; Succession of Dupuy, 4 An. 572; Succession of Walker, 32 An. 321.

In the first place, the record fails to bear them out in the assertion that the estate is free of debts. True, none are shown. But in their petition for the nullity of the order complained of, the executors allege the existence of debts; that petition was met by an exception which of necessity admitted the truth of the allegations contained therein. But admitting, for the sake of argument, that the succession owes no debts, the facts of this case place it beyond the reach and scope of the decisions quoted.

In the succession of Walker, the deceased made no testamentary dispositions and left an only child, her sole and forced heir, and by the mere operation of the law, the succession property fell in the possession of the heir, without the necessity of an administrator or executor.

In the succession of Dupuy, the only legatee had died before the testator, and the court held that the appointment of an executor thus became inoperative, and appointed a curator for the absent heirs.

The succession of Story was not a testate succession, and the Court saw no necessity of an administration for a succession in which there were no testamentary dispositions to execute and no debts to pay.

From that case we quote the following language:

"Even in case there are no debts due by a succession, we do not undertake to say that an administrator cannot be appointed. There

may be cases in which such an appointment would be advantageous, nay necessary, to the interests of a succession, and the propriety of subjecting the succession to this charge would rest with the discretion of the Judge on the facts before him."

We believe that the facts shown by the record in this case, as hereinabove recited, dictate the necessity of an administration in the premises and that the order complained of should not have been issued. Under these views we pretermit the question of the illegality of the order because it was rendered *ex parte*, without notice or citation on the executors.

Nothing contained in this opinion must be construed as a denial of the right of the heirs, appellees herein, to obtain the legal seizin from the testamentary executors, in accordance with the provisions of law.

It is, therefore, ordered that the judgments rendered by the lower court on the 20th of February, 1882, and on the 5th of April, 1882, and herein appealed from, be annulled, avoided and reversed, and that the matter of the succession of Theresa Baumgarden be remanded to the lower court to be proceeded with according to law and to the views herein expressed; and that appellees pay costs of appeal, and all costs incurred by these proceedings for possession of their shares of the succession, and in the suit instituted by appellants for nullity of the order placing them in possession.

---

## ON APPLICATION FOR A REHEARING.

Appellees complain that our decree avoiding the judgment of the lower court of November 20th, 1882, which placed the heirs of age in possession of the property of the succession of Theresa Baumgarden, will vacate that portion of the decree which placed the same heirs in possession of the succession of their pre-deceased father, N. A. Baumgarden.

We understand that we have been concerned in these proceedings with the succession of Mrs. Theresa Baumgarden only, and hence, we have made no reference to the succession of her pre-deceased husband, with which we had, and we could have had, no concern under the pleadings on which our decree was predicated.

The suit in nullity, brought by appellants on the 24th of February, 1882, had reference only to that portion of the judgment which placed the heirs in possession of the estate of their mother, and the appeal which they took from the judgment dismissing their action, as well as the appeal which they took from the judgment of November 20th, 1882, submitted that issue alone to our consideration. Hence, we intended, and we must be construed to have annulled the action of the lower

court in putting the heirs of Theresa Baumgarden in possession of her succession and nothing more, and to have made no order affecting the status of these parties as heirs of their father, whose succession is not involved in these proceedings.

Appellees' complaint that our decree has cut them off from the right of answering to the merits of appellants' action in nullity has no force. Our decision recognizes the legality of the appointment of executors under the will, and no useful purpose could be reached by reopening the case for a trial on the merits of the action in nullity, because the order of the lower court is vacated in the direct appeal taken therefrom.

Rehearing refused.