## No. 185.

TUTORSHIP OF MINOR HEIRS OF T. AND E. BYLAND.—WALLING HEIRS OPPONENTS.

Where a judgment is rendered on an opposition to an account of a tutor charging him with a personal liability to the heirs represented by him, an appeal from such judgment taken by him in his capacity as tutor only, will not be entertained.

An appearance by an attorney for a defendant in a cause, except for the purpose of excepting to the citation, cures the want of citation.

When the defendant in a suit files a plea to the jurisdiction of the court and the plea is overruled and a judgment rendered, and no appeal is taken, the question of jurisdiction becomes *res adjudicata*, and the judgment cannot in a collateral proceeding be treated as an absolute nullity for want of jurisdiction in the court rendering it.

A PPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*J. H. Shepherd* for the Tutor, Appellant:

1. An administrator may urge any defense he has, whether by general denial, confession and avoidance, or peremptory exception. 1 R. 533; 5 R. 123; 3 Ann. 223; 6 Ann 54.

2. The petition must contain a clear and concise statement of the object of the demand as well as the nature of his title or the cause of action on which it is founded. C. P., 172; Pickett vs. Vance, 14 Ann. 668.

There must be a definite statement in substance and grounds of action, and the relief sought must be expressed with precision ; vague and indefinite allegations of indebtedness cannot support a petition, and loose and indefinite allegations will not be noticed. 13 Ann. 374; 14 Ann. 797; Lamorere vs. Cox, 32 Ann. 1045.

A party must describe a note, with much greater certainty must he describe the amount due him. 27 Ann. 225.

Where a plaintiff or opponent to an administrator's or tutor's account fails to state the amount he claims, but merely refers to a judgment; but does not annex the same to his opposition or make it a part thereof, an exception of no cause of action should be sustained. Lamorere vs Cox, 32 Ann. 1045. A party cannot be admitted to prove what he has not alleged. 9 Ann. 124.

3. A judgment rendered against a party who has neither been cited nor appeared, is an absolute nullity. 5 N. S. 429; 7 N. S. 161; 1 R. 30; 13 Ann. 27; 21 Ann. 27.

Nothing will cure want of citation except appearing and answering to the merits. 17 Ann. 91 ; 21 Ann. 438.

4. Where a party denies under oath that a plea filed in his name was filed without author ity and the allegation is borne out by the proof, the act of the attorney is not binding. 15 ——. 569; Louque, 69, No. 4.

5. A judgment rendered on default in absence of parties by a justice of the peace, is inoperative until legal notification in accordance with art. 1131, C. P. If, therefore, no *fi. fa.* could issue until the service of the requisite notice, the holder of such a judgment, who neither alleges or proves notice or previous presentation for approval of claim, ought not to be permitted to collect said judgment by an opposition to a tutor's or administrator's account, otherwise all appeal is denied.

6. A judgment rendered by a court without jurisdiction is absolutely null. 26 Ann. 127; 28 Ann. 744; 27 Ann. 630; 30 Ann. 139, 793.

*Alexander & Blanchard* and *J. B. Slattery* for Opponents, Appellees :

Opponents' claim is for $97.18 and interest, and there being no other opposition, this is the only amount in controversy, and the appeal should be dismissed. 37 Ann. 429 , 35 Ann. 1025 ; 34 Ann. 585.

A tutor appealing from a judgment in his official capacity only, cannot contest on appeal items in said judgment rendered against him individually. 37 Ann. 126; 33 Ann. 1319 ; 32 Ann. 890.

When estates are in the possession of minor heirs, debts due by such estates must be sued for before the courts of ordinary jurisdiction. C. P. 996; 6 N. S. 519; 30 Ann. 93; 35 Ann. 826; 36 Ann. 744.

Where a defendant has not been cited, but appears in court and contests the cause on any other ground than the want of citation, the defect is cured. 9 M. 497; 2 L. 286; 31 Ann, 540; 35 Ann. 130.

The opinion of the Court was delivered by

TODD, J. This appeal was from a judgment sustaining an opposition to a tutor's account.

There is a claim to dismiss the appeal suggested in the appellees.

First, on the ground that the opposition is made by creditors whose claim amounts to only $96.18 principal; and secondly, that the appeal is taken by the accountant Toombs as tutor, whereas the judgment against him, beyond the recognition of the debt of opponents, is against him personally, and he has not appealed personally.

### I.

The first ground for dismissal is not good.

The amount of funds or property in the hands of the tutor belonging to the tutorship exceeds $2,000, and this fact determines our jurisdiction, and not the amount of the opponents' or creditors' claim.

### II.

The controversy so far as relates to the demand to have the claim of the opponents recognized as a just claim, and placed upon the account as such, is one exclusively between the creditors and Toombs as tutor, and the judgment of the lower court to this extent is appealable, but in so far as the opposition and the judgment maintaining it adds to the liability and debt of the tutor to the heirs he represents, to that extent it is in favor of the heirs and against the accountant personally, and from which he should have appealed in his personal capacity.

The appeal, except as relates to the claim and its recognition, must therefore be dismissed, and to that extent the appeal is dismissed, and in other respects maintained.

### ON THE MERITS.

There was an exception to the opposition on three grounds:

1. That there was no cause of action.
2. *Res adjudicata.*
3. Prescription.

Under the plea of no cause of action, it is urged that the claim of the opponents purports to be based on a judgment rendered before a justice of the peace, but the amount and number of judgment are not given.

The title of the suit is given, the name of the justice, the ward and parish are stated. Besides, in the rule taken against the tutor to compel the rendition of the account, there is a complete description of the judgment as to amount due, and in short in every particular the opposition and rule for accounts are but parts of the same proceedings. The omission of the amount was not, therefore, a fatal defect.

It was contended, however, that the judgment in question was rendered without citation. There appears to have been a citation issued, but no return on the same. It is, however, shown from the record or minutes of the proceeding that an attorney appeared for the defendants and filed a plea to the jurisdiction, which was overruled. The appearance of the attorney supplied or cured the want of citation. 21 Ann. 27 ; 23 Ann, 803 ; 31 Ann. 540 ; 35 Ann. 130.

Again it is urged that the magistrate court was without jurisdiction to render the jurisdiction.

As stated above, the plea to the jurisdiction was filed in the very suit in which the judgment was rendered and in the court before which the case was pending, and the court held that it had jurisdiction and overruled the plea, and no appeal was taken therefrom. The ruling on this point was therefore final and conclusive.

2d. We find nothing in the record upon which to found the plea of *res adjudicata*, and there is no force in it.

3d. The judgment was not prescribed, since ten years had not elapsed since its rendition. The plea of prescription was properly overruled.

For the reason given it is therefore ordered, adjudged and decreed, that the appeal from the judgment of the lower court, so far as said judgment adjudicates a personal liability from. A. S. Toombs to the heirs represented by him be dismissed, and in all other respects the judgment be affirmed at the cost of the appellant.