## BRANNIN v. CLEMENTS et al.
### No. 990.

Court of Appeal of Louisiana.   First Circuit.
June 8, 1932.

Jos. A. Loret and J. H. Percy, Jr., both of Baton Rouge, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellees.

MOUTON, J.

This suit is in damages against Mrs. Nancy Reeves Clements and Mrs. Mattie Sherburne Gaulden caused by an alleged automobile accident.

Alleging that Mrs. Clements was absent from the state, plaintiff obtained the appoint-ment of A. R. Albritton, an attorney at law, as curator ad hoc to represent Mrs. Clements, and upon whom service of citation was made. Mrs. Clements, without answering, appeared in the case for the sole purpose of filing an exception to the jurisdiction of the court.

In this exception, exceptor alleged that she did not reside in this state, and had no representative in Louisiana; and that before, at the time of and since the filing of this suit she had been a resident of the state of Maryland; that therefore the court had no jurisdiction ratione personæ of the exceptor; that, if plaintiff attempted to cite exceptor through Albritton, Esq., curator ad hoc under the provisions of section 1, subd. 15, Act No. 179 of 1918, the service was illegal, unconstitutional, and null because it attempts to deprive exceptor of her property without due process of law.

The general rule is that one must be sued before the judge having jurisdiction over the place where he has his domicile or residence. Code Prac. art. 162.

The alleged fact upon which Mrs. Clements grounded her plea is that she was not domiciliated in the state of Louisiana, and hence not in the parish of East Baton Rouge, where she was sued, but that she resided in the state of Maryland. This exception, based on these alleged facts, was clearly one ratione personæ as it constituted a denial of the court's jurisdiction over her person because of her alleged residence or domicile in another state. The other part of the exception, though closely linked by adroit pleading to the real ground of the exception, is secondary, and is directed against the service of citation claimed by exceptor to be unconstitutional, and therefore null.

In the case of Godchaux v. Texas & P. Ry. Co. et al., 151 La. 955, 92 So. 398, the court said that the question of citation is waived by the appearance of defendant for the purpose of excepting to jurisdiction, affirming the case of In re Tutorship of Minor Heirs of Byland, 38 La. Ann. 756, where it was held that a plea to the jurisdiction supplied and cured the want of citation, the court there referring to Leblanc v. Perroux, 21 La. Ann. 27; City of New Orleans v. Walker, 23 La. Ann. 803; Bartlett v. Wheeler, 31 La. Ann. 540; and Succession of Baumgarden, 35 La. Ann. 130.

In this case the plea to the jurisdiction had the effect of operating a waiver of the service of citation attacked as illegal by exceptor on the ground of unconstitutionality. The district judge maintained the exception to his jurisdiction, ratione personæ, but assigned only oral reasons in support of his judgment, and dismissed the suit as against Mrs. Clements. It is therefore impossible for us to say whether he concluded that the

622

service of citation was illegal because of the unconstitutionality of the act under which it was made. If he had held the act to be unconstitutional, this court would have no jurisdiction on that question, as Constitution 1921, art. 7, § 10, p. 40, says that, where "a law of this State has been declared unconstitutional," the Supreme Court shall have appellate jurisdiction. It does not say, however, that this court is deprived of jurisdiction when it finds the act constitutional, or, when so found below, the appeal is taken to this court.

This issue is not raised by counsel for either defendant or plaintiff, as our jurisdiction to pass on the constitutionality of the act is not questioned. We thought proper, however, to refer to it as questions of law are involved in this litigation, and, in case a review is applied for, the higher court may correct us, should it find that we have fallen into error.

This brings us to the consideration of the defense by the exceptor that the service of citation, through the curator, was not in compliance with due process of law, and therefore unconstitutional.

Section 1, subd. 15 of Act No. 179 of 1918, page 334, reads as follows: "Where the defendant in any suit or proceeding has his legal domicile in the parish where a suit is pending but has no agent or other legal representative in the parish, * * * with a person living there competent to receive service of process, and is shown by proof to the court to be in another state, then the court on proper application may appoint a curator ad hoc to represent him, and upon whom service may be made."

Here the proof is that Mrs. Clements had her legal domicile where the suit was pending, but had no agent or legal representative in the parish, as appears from her exception, no fixed place of residence with a person living there to receive service of process, and for those reasons, on proper application being made by plaintiff, the curator ad hoc was appointed upon whom service was made. Service of citation is made in different ways; it is personal when made in person, domiciliary or by posting or publication.

■ It is domiciliary when the copies of the citation and petition are left at the usual domicile of the defendant, if he be absent, by delivering them to a person, apparently above the age of sixteen, living in the house.

■ The purpose of a citation is to apprize defendant of the demand against him, and the law assumes that a person living in the house of defendant will deliver the copies to him so that he may prepare his defense, should he choose to urge any. This method of service is considered fair, just, and safe, and constitutes due process of law (Const. 1921, art. 1, § 2). In a case where the defendant is domiciled in the parish where the suit is pending, has no fixed place of residence with a person living there to receive service of process (the case here), a curator is appointed to represent him, and on whom service is made as provided for in section 1, subd. 15, Act No. 179 of 1918.

■ A curator ad hoc, so appointed to represent an absent defendant, it must be assumed, will communicate with his principal, and will advise him of the complaint lodged against him.

■ This method of service is, we think, fair and safe, really safer than the domiciliary service, and constitutes due process of law, and is neither objectionable nor unconstitutional, as contended for by defendant. Counsel for defendant says our Supreme Court has never passed on the constitutionality of the act under consideration, and that, though the courts are divided on this subject, the better rule is that such statutes are unconstitutional. We do not so find and hold that the substituted service provided for in the statute under discussion constitutes due process of law, and is not amenable to the objection urged by learned counsel for defendant.

We are of the opinion, as hereinabove first stated, that the plea to the jurisdiction of the court filed by Mrs. Clements, defendant, effected a waiver of citation or service of citation; if not, that the service on Albritton, curator ad hoc, was legal and valid.

The judgment must therefore be reversed.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and that this case be, and is hereby, remanded below to be proceeded with according to law. Appellee to pay the costs of appeal, and those below to await the decision of the case.