McALPIN, Receiver, &c. *v.* JONES et al.

A receiver appointed by the courts of another State, may, through the instrumentality of our courts, reclaim property which has been fraudulently or feloniously removed from the jurisdiction of such State.

APPEAL from the District Court of Monroe, *R. W. Richardson*, J.
*McAlpin & Baker*, for plaintiff and appellant. *McGuire & Ray*, for defendants.

SPOFFORD, J. The plaintiff, alleging himself to be receiver of all the effects, real and personal, of the estate of *Horace Carpenter & Co.*, in Mississippi, by appointment of the Chancery Court of that State, sued the defendants in the parish of Ouachita, for four negroes, which he averred were illegally in their possession, and had been stolen from his possession as receiver, in Washington county, Mississippi, they being the property of the estate of *Horace Carpenter & Co.*

Some of the negroes were sequestered and bonded by the defendants.

The defendant, *Burwell H. Jones*, excepted to the suit, on the ground that there was no such office as receiver to an estate or firm in Mississippi; that the plaintiff was not such a receiver, and that a foreign receiver cannot stand in judgment in this State, and particularly as the plaintiff's petition sets out his capacity.

The exceptions were sustained, and the plaintiff appealed from the judgment dismissing this suit.

The statutes of Mississippi in evidence, recognize the office of receiver in chancery to be appointed by the chancellor.

A certified copy of the order of the Superior Court of Chancery in Mississippi, shows that the plaintiff was appointed receiver of the property of *H. Carpenter & Co.*, with authority to take possession and manage the same, and also to carry on the plantation belonging to that estate.

That part of the Clerk's certificate which was objected to by the defendant's counsel, may be rejected as surplusage, without impairing the evidence of the plaintiff's appointment.

His right to bring this suit must be tested by the allegations of his petition, in considering the exceptions.

Under these allegations, the right appears to us indisputable.

Property under the control of the courts of our sister States, when feloniously or fraudulently removed from their jurisdiction, and brought within ours, must, on proof of the facts, be instantly remitted by the order of our courts; and the person who, under the law of the foreign forum, is the custodian of the property, is the proper person to sue for it here.

See *Johnson* v. *Amboden*, 4 An. 178. *Myers* v. *Myers*, 8 An. 369. *Windgate* v. *Wheat*, 6 An. 241. *Paradize* v. *Farm. and Mech. Bank*, 5 An. 711. *Planters' Bank* v. *Bass*, 2 An. 436. *McGrew* v. *Browdee*, 2 N. S. 17.

It does not appear whether the District Judge ever passed upon the exception to the mode of citation, filed on behalf of *Louisa Jones*, and therefore we do not pass upon it. But we remark, that if the citation should be found defective, it would not go to the dismissal of the action, but a new citation would be ordered.

It is therefore ordered, that the judgment of the District Court be reversed, the exceptions overruled, and the cause remanded for further proceedings; the defendants to pay the costs of this appeal.