## W. D. McDONALD and J. A. COON *v.* JAMES VAUGHAN.

By the sequestration of the property of a non-resident the court acquires jurisdiction over him.

When the law, for the purposes of justice, allows, in certain cases, a fictitious citation, in the place of a real one, it is necessary that the formalities, required to operate the legal fiction, be strictly observed.

A defendant is not bound by a citation served upon an officer under the title of advocate, instead of *curator ad hoc.*

APPEAL from the District Court of the Parish of Ouachita, *Mayo,* J.

*C. H. Morrison,* for plaintiff and appellant. *J. T. Ludeling & McEnery,* for defendant.

BUCHANAN, J.  There were two exceptions filed in this case. The first—to the want of citation. The second—to the jurisdiction of the court. The latter was sustained by the court below, and the suit dismissed.

Defendant is a resident of Camden, Arkansas, and not present in this State when this suit was brought against him by sequestration and injunction to rescind a sale of land. Under the writ of sequestration, the Sheriff seized and took into his possession four promissory notes, the property of defendant, being the same notes which were given for the price of the land, and which the plaintiffs pray to have cancelled.

The petition asks for the appointment of *an advocate* to represent the absent defendant. The district court appointed, in conformity to this prayer, a member of the bar as *advocate* to represent the absentee.

We are of opinion that the district court had jurisdiction of the defendant by the sequestration of his property. In this respect the case differs from that of *Dupuy* v. *Hunt,* 2 An. 564, relied upon by counsel for appellee.

The exception to the citation was, however, well taken. The Articles 57 of the Civil Code, and 116, 194 and 964 C. P., which are the only laws applicable to the point, all use the expression *curator ad hoc,* (except Art. 194, C. P., which says *special curator,*) to designate the representative of the absent defendant for the reception of citation, under the appointment of the court before which the action is instituted. As citation is indispensable, and as the law, for purposes of justice, allows, in certain cases, a fictitious citation in the place of a real one, it is necessary that the formalities, required to operate the legal fiction, be strictly observed. The law styles the officer of the court, through whom the defendant is brought into court, a *curator ad hoc.* The defendant cannot be considered as bound by a citation served upon an officer bearing the title of *advocate.*

The cause must be remanded for a new citation, 10 An. 552.

It is, therefore, adjudged and decreed, that the judgment of the district court be reversed ; that the exception to the jurisdiction be overruled ; that the exception to the citation be maintained ; that the cause be remanded to be proceeded in according to law ; and that the appellee pay costs of appeal.

SPOFFORD, J., took no part in this case.