(64 South. 396.)

No. 19,736.

REYNOLDS et al. v. GLOBE FIRE UNDER-
WRITERS OF ST. LOUIS, MO., et al.

(Feb. 2, 1914.)

*(Syllabus by the Court.)*

1. INSURANCE (§ 617*)—ACTION ON POLICY—
JURISDICTION.
    A provision in an underwriters' policy of
fire insurance, to the effect that "no suit
* * * shall * * * be begun * * * for
the recovery of any claim upon * * * this
policy against more than one of the underwriters
at any time, * * * and that a final decision
in such suit * * * shall be taken as decisive
of the similar claim, so far as ·the same may
subsist [against each of the other underwriters
hereon] absolutely fixing his liability in the
premises, [and] each of the underwriters here-
in, in consideration of this entire stipulation, so
far as he is or may be individually concerned,
expressly agrees to accept and abide by the re-
sult of such final decision, in the same manner
and to the same effect as if he had been the sole
defendant in a similar suit, * * * as to a
similar claim against him, so far as the same
may subsist," does not, of itself, subject the
several underwriters to the jurisdiction of courts
other than those of their domiciles, nor does it
obligate them to subject themselves to the ju-
risdiction of such courts.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1535; Dec. Dig. § 617.*]

2. APPEARANCE (§ 20*)—WAIVER OF PROCESS—
WHAT CONSTITUTES.
    When the evident and sole purpose of an
exception is to deny the efficacy of a citation
to bring the exceptor into a court having no ju-
risdiction of his person, it will not be construed,
though inartificially drawn, as a waiver of cita-
tion.

[Ed. Note.—For other cases, see Appearance,
Cent. Dig. §§ 91–102; Dec. Dig. § 20.*]

Appeal from Third Judicial District Court,
Parish of Bienville; Benj. P. Edwards, Judge.

Action by J. E. Reynolds and another, re-
ceivers, against the Globe Fire Underwrit-
ers of St. Louis, Mo., and others. From a
judgment for certain defendants, plaintiffs
appeal. Affirmed.

Reynolds & Williams and Wimberly &
Reeves, all of Arcadia, for appellants.   S.
C. McGarrity, of Arcadia, for appellees.

MONROE, J. Plaintiffs, as receivers of
the Dalton Lumber & Tie Company, Limited,
brought this suit in the district court for the
parish of Bienville against the Globe Fire
Underwriters of St. Louis, Mo., S. J. Para-
dise (said to be manager of that concern),
also of St. Louis, and Dr. P. Gibson, of the
parish of Claiborne (said to be one of the
"underwriters"), alleging that said parties
are indebted to them, in .solido, in the sum
of $19,900, with certain penalties and at-
torney's fees, under a policy of insurance is-
sued by said "underwriters," and by reason
of the fact that the property insured was
destroyed by fire. Citations appear to have
been served on the two parties first named,
in St. Louis, though by what means does
not appear, and they came into court for the
purpose of excepting, on the ground that
they are citizens of and domiciled in Mis-
souri, with no agent and no business in
Louisiana, and that the citations are null,
void, and not such as are required by law
and as are necessary to bring them before
the court, which exception being maintained,
the suit, as to those defendants, was dismiss-
ed.   Dr. Gibson filed an exception of no
cause of action, which, so far as the record
shows, has not yet been disposed of.   Plain-
tiffs have appealed.

[1] Plaintiffs' counsel quote certain provi-
sions of the policy sued on, and argue there-
from that each of the underwriters thereby
constitutes Dr. P. Gibson and (as we under-
stand it) each of the other underwriters his
agent for the purposes of any suit upon any
policy issued by the associated persons, firms,
and corporations known as the Globe Fire
Underwriters.   The particular provisions up-
on which, as we imagine, they rely as sup-
porting that proposition read as follows:

"In the event of litigation herein, to avoid
a multiplicity of suits, no suit or other pro-
ceeding at law or in equity shall, in any event,
be begun or maintained for the recovery of any
claim upon, under, or by virtue of this policy,

against more than one of the underwriters herein, at any time, nor in any court other than a court of original jurisdiction, and that a final decision in such suit or other proceeding shall be taken to be decisive of the similar claim, so far as the same may subsist; [as to] each of the other underwriters herein absolutely fixing his liability in the premises. Each of the underwriters herein, in consideration of this entire stipulation, so far as he individually is or may be concerned, expressly agrees to accept and abide by the result of such final decision in the same manner and to the same effect as if he had been sole defendant in a similar suit or proceeding as to the similar claim against him, so far as the same may subsist."

We find nothing in the foregoing from which it can be deduced that the "underwriters" intended thereby to submit themselves to the jurisdiction of courts other than those of their domiciles. On the other hand, we find that the policy sued on purports to have been issued by "the persons, firms, and corporations known as the Globe Fire Underwriters, being subscribers at the Insurance Exchange, St. Louis, Mo.," and that they declare that they "do, severally, each for himself, or itself, and not jointly, no one being bound for any other, hereby insure Dalton Lumber & Tie Company, Limited," etc.

[2] What rights plaintiff may have acquired, or may hereafter acquire, against the St. Louis Underwriters by any judgment that he may obtain against Dr. Gibson is a matter that we do not feel authorized to inquire into in this proceeding. Plaintiffs' counsel say, in their brief:

"Defendants the Globe Fire Underwriters of St. Louis, Mo., and S. J. Paradise appeared in this case and filed exception, not of want of citation, but to urge defective service, and to show that the court was without jurisdiction, ratione materiæ, and ratione personæ, and to show that the defendants did not have an agent in the state, and to show that the citations issued and the returns thereon were illegal, defective, invalid, null, and void, and do not constitute such citations and service as are required by law, or as are necessary and sufficient to bring exceptors before this court. This is certainly an appearance for other purposes than for the purpose of pleading want of citation, and is therefore a waiver of citation."

The exception is inartificially drawn; but its evident and sole purpose is to deny the efficacy of the citations to bring the defendants into court, and the contention that it amounts to a waiver of citation is without merit.

Judgment affirmed.

PROVOSTY, J., being absent on account of illness, takes no part.