(92 South. 398)

No. 23280.

GODCHAUX v. TEXAS & P. RY. CO. et al.

(May 30, 1921. On Rehearing, Jan. 30, 1922.)

(Syllabus by Editorial Staff.)

On Rehearing.

1. Appearance ☞24(1)—To except to jurisdiction waives improper citation.

By appearing to except to the jurisdiction, defendant waives the question of improper citation.

2. Dismissal and nonsuit ☞57 — Service on wrong agent not ground for dismissal.

An action against a railroad company chartered under federal laws will not be dismissed because citation was served on the local agent of the company instead of on the agent designated to receive service of process, but will be remanded for proper service.

3. Corporations ☞569—Process may be served on agent of corporation in hands of receivers.

A corporation in the hands of receivers may be proceeded against by service of process on an agent if the receivers' custody and control of its property is not interfered with.

4. Receivers ☞174(1)—Receiver appointed by federal court cannot be sued in state court without federal court's consent.

Receivers appointed by a federal court cannot be sued in a state court without the consent of the federal court, and want of leave thereof is jurisdictional.

5. Receivers ☞174(5)—Order appointing receivers held not a consent to sue them.

An order of a federal court, authorizing receivers appointed by it to institute and prosecute suits as advised by counsel and likewise to defend suits, which, in their judgment, may affect the corporate property, was not a consent that they might be sued by any one, but merely authorized them to bring or defend such actions as they or their counsel might deem necessary or expedient.

6. Receivers ☞174(1)—Act authorizing suits against receivers without leave of court inapplicable to cause of action arising before appointment.

Judicial Code, § 66 (U. S. Comp. St. § 1048), authorizing suits against receivers appointed by federal courts, in respect of their acts in carrying on the business, without leave of court, is inapplicable to a cause of action arising before receivers were appointed.

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; S. Allen Bordelon, Judge.

Action by Walter Godchaux against the Texas & Pacific Railway Company and its receivers. From a judgment dismissing the suit, plaintiff appeals. Reversed and remanded in part, and affirmed in part.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Spencer, Fenner, Gidiere & Phelps, of New Orleans, and Wm. H. Peterman, of Alexandria, for appellee.

On Rehearing.

DAWKINS, J. [1] It was said in our former opinion that the record contained no evidence of service upon the receivers; but, since our said opinion was handed down, the transcript has been supplemented and the citation addressed to the receivers with return thereon, showing service regularly made, brought up. In any event, the question of citation had been waived by the appearance for the purpose of excepting to the jurisdiction. Tutorship of the Minors v. Byland, 38 La. Ann. 756.

[2] Plaintiff, appellant, concedes that the service upon the agent of the defendant at Marksville, La., was invalid, because of the fact that the defendant is a corporation chartered under federal laws; but insists that the suit as to the corporation should not be dismissed on that account, but re-

manded for proper service. This position, we think, is sustained by the former rulings of this court. McAlpin v. Jones, 10 La. Ann. 552; McDonald v. Vaughan, 13 La. Ann. 405.

[3] It is not contended by defendant that the corporation was dissolved or rendered incapable of receiving service of judicial process by the appointment of the receivers. The weight of authority seems to sustain the view that it may be so proceeded against, provided the custody and control by the receiver of corporate property is not interfered with. Corpus Juris, vol. 14A, p. 985, and authorities there cited.

### Plea to Jurisdiction of Receivers.

[4] Appellant says it is not necessary to consider the question of whether or not a receiver appointed by a federal court may be sued in a state court without permission of the federal judge, for the reason that, in the order appointing the receiver for defendant corporation, sufficient authorization was given for that purpose.

We think that it was necessary to obtain the consent of the federal court to sue the receivers in this case, and that the failure to do so raises a question of jurisdiction.

"A receiver being an officer of the court, acting under its direction, and in all things subject to its authority, it is contrary to the established doctrine of the courts of equity to permit him to be made a party defendant to litigation, unless by consent of the court appointing him. And it is in all cases necessary, that a person desiring to bring suit against a receiver in his official capacity, should first obtain leave of the court by which he was appointed, since the courts will not permit the possession of the receivers to be disturbed by suit or otherwise, without their consent and permission. The rule is established for the protection of receivers against unnecessary and expensive litigation, and in most instances a party aggrieved, may have ample relief by application on motion to the court appointing the receiver. And it is necessary to aver in the complaint or declaration against a receiver, that leave of court has been granted to bring the action, and the absence of such an averment is fatal upon demurrer." High on Receivers (3d Ed.) p. 221 et seq., § 254.

"The authorities are far from reconcilable upon the question of whether want of leave to bring an action against a receiver is jurisdictional, and therefore, fatal to maintaining the action, or whether it is merely an omission, which will subject the party suing without leave to proceedings for contempt of the court appointing the receiver, but without impairing the jurisdiction of that court to proceed with and determine the cause. The better considered authorities, however, support the proposition that leave to sue the receiver is jurisdictional in its nature, and that its omission is fatal to maintaining the action. And since the want of leave to bring the action goes to the jurisdiction of the court and is not merely error, the question may be raised at any stage of the cause and even upon appeal from a judgment against receiver, and when he has not raised the question in the court below. And upon an application to the court for leave to sue its receiver, the court may determine the forum in which the action shall be brought. It may, therefore, grant leave to sue the receiver in its own jurisdiction, and may refuse to permit him to be sued in another court. And when the order is made in this form, and the action is brought in the court by which the receiver was appointed, but the plaintiff then files a petition and bond for the removal of the cause to a federal court, it is not error for the former court, of its own motion, to revoke the permission to sue its receiver and to dismiss the action. So when a receiver is appointed by a state court, the refusal of that court to permit a claimant against its receiver to bring an action, said claimant, being, by reason of his citizenship, entitled to sue in a federal court, is not error, it being discretionary with the court to grant leave to sue, or to determine the controversy upon petition in the cause in which the receiver was appointed." Id. 254b.

See authorities cited in footnotes, and also Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672.

[5] From the authorities quoted and cited, we conclude that the question is jurisdictional; and it becomes necessary to inquire whether the order relied upon is sufficient to vest in the courts of this state jurisdiction to try the issues of this case against a re-

ceiver appointed by the federal court. The order reads, in part, as follows:

"That said receivers be and they are hereby authorized and empowered to institute and prosecute * * * as they may be advised by counsel, all such suits as in their judgment may be necessary for the recovery or proper protection of said property * * * and likewise to defend, compromise or settle * * * claims, suits, actions and proceedings which may be made or instituted against them as receivers on account of their liability as receivers. That said receivers are further authorized to appear in and conduct the prosecution or defense of, or compromise or settle any actions, proceedings or suits now pending, or which may hereafter be brought in any court or before any officer, department, commission or tribunal, in which the defendant railway company is or shall be a party, which in the judgment of the said receivers, affect or may affect the property of which they are hereby appointed receivers. * * *"

Does this amount to a consent that the receivers may be sued by the world at large, or does it merely authorize them to bring such suits or to defend such actions as may, in the discretion of themselves and their counsel, be necessary or expedient?

If, instead of the general order rendered, the plaintiff in this case had applied to the judge of the federal court for permission to sue the receivers, and the said judge had indorsed upon the application an order granting such permission, provided the receivers and their attorneys thought proper to appear and defend, could they have effectually been brought into court by a suit based upon that order, when they had declined, under the advice of their counsel, to so appear? We think the question answers itself. If the consent was based upon their willingness to appear and they declined, there would be no consent at all. The general order actually issued was not as strong as the one suggested; for in the former the authority given was manifestly in the interest of the receivership, and might be said not to include a consent that persons generally might sue the receivers, while in the suggested case, the conditional authority would have been specifically directed to the proposed suit. We think the permission to sue must be clear and unconditional, and such does not appear in this case.

[6] The issue here is not affected by the Act of August 13, 1888 (25 Stat. at Large 436, now embraced in section 66, Judicial Code, Act March 3, 1911, 36 St. at Large 1087 [U. S. Comp. St. § 1048]), for the reason that the cause of action arose before the receivers were appointed.

For the reasons assigned, our former decree affirming the judgment of the lower court is amended by reinstating the cause against the defendant corporation, and remanding the same to the court below, with leave to plaintiff to have proper service of citation made; and the judgment dismissing the suit as to the receivers is affirmed. Appellant to pay costs.

O'NIELL and ST. PAUL, JJ., concur in the result, being of the opinion that the citation served upon the receivers would have been a valid citation of the corporation if it had been addressed to the corporation instead of being addressed to the receivers.