## UNITED STATES v. FROST LUMBER INDUSTRIES, Inc.

No. 1966.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 12, 1931.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for the United States.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, La., for defendant.

DAWKINS, District Judge.

The government brings this suit to recover the sum of $51,268.10, which it alleges was erroneously refunded to defendant out of the income taxes assessed and collected for the year 1918, under section 230 of the Revenue Act of that year (40 Stat. 1075).

Defendant has filed a motion to dismiss upon the ground that this court is without jurisdiction.

From the briefs, it appears that the alleged want of jurisdiction is based upon the fact that the petition alleges the defendant to be a corporation under the laws of Missouri, and the latter contends that the action is not one for taxes, but for money erroneously had and received.

The petition, after stating that the defendant is a Missouri corporation, further alleges that it has "its principal office and place of business in the city of Shreveport, Western District of the state of Louisiana"; that, pursuant to the Act of February 24, 1919 (40 Stat. 1057), known as the Revenue Act of 1918, "and the regulations duly promulgated under said Act * * * the defendant * * * filed its corporation income tax return for the year 1918," and paid its income tax to the "Collector of Internal Revenue for the District of Louisiana," who, the court will take cognizance, had jurisdiction at that time throughout the state of Louisiana, including this judicial district; that the original amount paid and collected was $197,629.14, but about July 20, 1920, defendant filed a claim for refund of $81,549.72, alleged to have been overpaid "as income and profit taxes for the calendar years 1909 to 1918, inclusive," which claim "was supported by an amended return for each of the years 1909 to 1918 inclusive," of which amount $60,128.96 was for the year 1918; that the basis for the refund claimed was "an increase in invested capital," and "on or about October 4th, 1928, the said sum of $51,268.10 was mistakenly, erroneously, illegally and unlawfully applied to the use and benefit of the defendant as a credit against an outstanding income tax for 1917, then legally due and owing from defendant, when the said sum did not belong to the defendant." The prayer is for judgment for the said sum with legal interest from October 4, 1928.

Of course, the general rule is that a suit upon a transitory cause of action must be brought at the domicile of the defendant, but the legislative branch of the government may make exceptions to that requirement with respect to particular kinds of proceedings, if proper service may be had. It remains to be determined whether such an exception has been provided in this case.

Section 241 (b) of the Revenue Act of 1918 (40 Stat. 1057, 1082), covering returns of corporations made thereunder, provides: "Returns shall be made to the collector of the district in which is located the * * * principal office or agency of the corporation. * * *"

At the time defendant made its return for the taxes of 1918, under the revenue law of that year, there was in effect a regulation of the Treasury Department (Treas. Dec. vol. 16, pp. 259, 264) declaring that "the principal place of business of a corporation is the place or office in which are kept, the books of account and other data from which the return is to be prepared."

This regulation was made under section 2 of the Revenue Act of Oct. 3, 1913 (38 Stat. 166), but in the meantime, that is, between the passage of the act of 1913 and the making of the return, the Revenue Act of 1916 had been passed (39 Stat. 756, 771), section 13 (b), which as amended provided as follows: "Every corporation * * * subject to the tax herein imposed, shall * * * render a * * * return of its annual net income * * *, [and] the return shall be made to the collector of the district in which is located the principal office of the corporation * * * where are kept its books of account and other data from which the return is prepared."

This was a legislative recognition and affirmation in exact terms of the regulation which had previously been adopted by the Treasury Department. Then, in the Revenue Act of 1918 (40 Stat. 1057, 1082, § 241 (b) it was provided: "Returns shall be made to the collector of the district in which is located the principal place of business or principal office or agency of the corporation, or, if it has no * * * principal office or agency * * * then to the collector at Baltimore, Maryland."

The Treasury Department thereafter adopted an amended regulation, under date of January 28, 1921, in conformity with this section of the Revenue Law of 1918, which has not been changed by the subsequent Revenue Acts. See section 241(b) of the Acts of 1921 (40 Stat. 1082), 1924 and 1926 (26 USCA § 992), and section 53(b) (2) of the Revenue Act of 1928 (26 USCA § 2053 (b) (2).

With reference to suits for the collection of delinquent taxes, section 3213 of the Revised Statutes (26 U. S. C. § 142 [26 USCA § 142]) provides: "Taxes may be sued for and recovered in the name of the United States, in any proper form of action, before any district court of the United States for the district *within which the liability to such tax is incurred,* or where the party from whom such tax is due resides at the time of the commencement of the said action." (Italics by writer of this opinion.)

With respect to actions to recover a refund like the one now under consideration, the Revenue Act of 1928, § 610 (b) (45 Stat. 791, 875 [26 USCA § 2610 (b)]), declared: *"Any portion of an internal-revenue tax * * * which has been erroneously refunded * * * may be recovered by suit brought in the name of the United States * * * begun before the expiration of two years after the making of such refund. * * *"* (Italics by the writer of this opinion.)

It is alleged that the defendant made its return and paid its income taxes to the collector for the district of Louisiana, and that it also filed its claim for and obtained the refund now in question, through the same channels.

■ I am of the opinion, therefore, that, for the purpose of the plea or motion to dismiss, the allegation that the defendant has and had its "principal office or place of business" in the city of Shreveport in this district, must be construed as embracing the meaning defined by the regulation and statutes above quoted. Hence it becomes a question of whether or not the suit is one for the recovery of taxes within the meaning of section 3213 of the Revised Statutes (26 USCA § 142) or section 44 of the Judicial Code (28 USCA § 105). If it is found to be a suit for the recovery of taxes, then defendant further contends that the liability therefor did not arise within this district. The latter contention, I think, is readily disposed of by the suggestion that defendant, according to the petition, chose to make its return in the taxing district of Louisiana, as it then stood, from its principal office or place of business in the city of Shreveport, its claim for a refund was made through the same channel, and whatever may have been its right to do otherwise, that course has foreclosed the question of where its liability for the taxes arose, and it must be conclusively presumed to have arisen in this district.

■ That the demand now made is one for taxes I believe is also reasonably clear. It is not pretended that there was any other liability to the government, and the recitals of the petition show clearly that what is claimed of the defendant is the amount which the government alleges was justly due to it for income taxes for the year 1918. That indebtedness, if it was due, arose by virtue of the applicable provisions of the revenue law of that period, and no action of the Commissioner or other causes could absolve the defendant therefrom, except the running of

limitations prescribed by the revenue law itself. The remission or refund of any part of those taxes unlawfully would, in legal contemplation, when ascertained in the proper tribunal, have been void. The tax liability which the original payment was intended to discharge was never extinguished, because, within the delays allowed by law, the defendant made its claim for refund and the sum now demanded was returned to it, so that there was never a satisfaction of what was actually due. In other words, the matter was necessarily placed in a condition of suspense, held in abeyance for the time the claim for a refund was under consideration by the Department, and, when the latter was erroneously granted, as alleged in the petition, this left the tax obligation to the government still undischarged.

■ Congress evidently considered the demand for such reimbursement as one for taxes, for in section 610 (b) of the Revenue Act of 1928 (26 USCA § 2610 (b) under which this suit is brought it is referred to as "any portion of an internal-revenue tax * * * which has been erroneously refunded * * * may be recovered by suit brought in the name of the United States * * * before the expiration of two years after the making such refund." Of course a legislative interpretation of what is intended, is strongly persuasive. Again, there are strong considerations otherwise for holding that the demand here is for taxes, such as the fact that the defendant may, if it has the proper basis, raise questions of the correctness of the action of the Commissioner in allowing credits or deductions under the revenue law, the presence of the records, witnesses, etc., in this jurisdiction, and, finally, if the defendant's principal office and place of business is within this district, the prompt and effective collection of the judgment when obtained.

Other provisions of the revenue law give the taxpayer the right to bring his suit for the recovery of overpayments in the district where the tax was assessed and collected, and if Congress had had any idea the government would have to sue a corporation at its statutory domicile, I feel sure it would have clearly and emphatically provided that such suits should be brought as is now contended by the government.

Counsel for defendant have presented their contention very ably, but I am of the opinion that the cases cited in support thereof are not applicable. They are principally those where the collecting agent or his estate

288

was sued for the recovery of sums which he had collected from the taxpayer and failed to turn in to the treasury. Clearly, such actions were not for taxes in the sense of a demand by the sovereign against the taxpayer whose liability arises solely from the fact that he owes the tax. I do not find it necessary to review those authorities.

My conclusion is that the suit is properly brought in this jurisdiction, and the motion to dismiss will be overruled.

Proper decree may be presented. The rights of the defendant are reserved to present and have settled exceptions, etc.