## UNITED STATES v. FROST LUMBER INDUSTRIES, Inc.
### No. 1966.

District Court, W. D. Louisiana, Shreveport Division.

June 3, 1932.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge.

In the above numbered and entitled cause a plea to the jurisdiction rationæ materiæ et personæ was filed and overruled. See written opinion [(D. C.) 48 F.(2d) 285]. Thereafter, and before issue joined, defendant filed another pleading, labeled "Exception to the Jurisdiction or Venue," wherein it is set up that the citation was served upon one S. H. Dowell, "who had no authority to accept service or to be served with legal process, by reason of the fact that defendant has, according to law, named and appointed E. A. Frost, its president, as its agent for service of legal process in the State of Louisiana."

On the trial of the latter motion, there was offered in evidence, certified under the signature and seal of the Secretary of State of Louisiana, copy of a power of attorney executed and recorded according to the laws of the state, in the year 1907, naming said Frost as the agent for service of process in said state for Frost-Johnson Lumber Company, and another certificate showing proper recordation of proceedings, changing the name of the said company to Frost Lumber Industries, Incorporated, which had been done in 1925. Frost is shown therein to be a resident of the city of Shreveport, Caddo parish, La., where this suit was filed.

Plaintiff urges that by first excepting to the jurisdiction on grounds which were overruled, defendant made such a general appearance as amounted to a waiver of the present plea, citing Godchaux v. T. & P. Ry. Co., 151 La. 955, 92 So. 398, and other state decisions. However, the question of jurisdiction of a federal court is one which is controlled by federal law and the decisions of the Supreme Court of the United States, and cannot be affected by rulings of state courts, if in conflict therewith. Mexican Central Ry. Co. v. Pinkney, 149 U. S. 194, 13 S. Ct. 859, 37 L. Ed. 699; Cyclopedia of Federal Procedure, vol. 4, § 1226, p. 536 et seq.

It thus appearing that the defendant, a foreign corporation, has named an agent for service of process in this state, to wit, its president, whose residence and domicile was within this district at the time of filing this suit, the service made upon Dowell, described in the return as "Secretary-Treasurer," was

invalid. Fullilove v. Central State Bank, 160 La. 831, 107 So. 590. Counsel for plaintiff appear to concede that the service was bad but relies upon the contention of waiver. However, this position I think is not tenable under the authorities above cited.

The plea will, therefore, be sustained. Proper decree should be presented.