FOURNET, Justice.
 

 William H. Adams filed suit against the Ross Amusement Company, Inc., a foreign corporation, for the sum of $3,540, and, for the purpose of jurisdiction, attached personal property alleged to belong to defendant.
 

 On April
 
 21,
 
 1934, Hal J. Ross and Jane Shannon, nonresidents, appeared by intervention, claiming to be owners of the property attached, and prayed that they be permitted to bond the property, and ruled Adams into court to show cause why they should not be
 
 *255
 
 ■decreed to be the owners of tbe property, and the attachment dismissed.
 

 On the 23d day of April, 1934, Adams filed a supplemental and amended petition, alleging that he had been led to believe that Ross Amusement Company, Inc., might not be a corporation, but a partnership composed of Hal J. Ross and Jane Shannon, or Hal J. Ross, doing business under the name of Ross Amusement Company, or Hal J. Ross and Jane Shannon, doing business under the name of Ross Amusement Company, and prayed for judgment against Hal J. Ross, Jane Shannon, and the Ross Amusement Company, in solido. Both petitions, with citations, were served upon their attorney on the 16th day of April, 1934.
 

 On April 25, 1934, interveners bonded the property.
 

 On April 26, 1934, in reply to the rule which had been issued at the instance of Ross •and Shannon, plaintiff excepted to the form of procedure employed by them, on the ground that the correct procedure was by petition and citation, denied the allegations of the intervention, and, by way of reconventional demand, reiterated his alleged cause of action, and prayed for judgment against interveners in solido.
 

 On May 2S, 1934, Ross and Shannon appeared in this suit solely for the purpose of excepting to the citation served on them through their attorney on April 16, 1934, and, with full reservation of their, rights, filed an exception of “want of citation.”
 

 On July 3, 1934, the district judge sustained the exception of want of legal citation, but allowed plaintiff until July 12, 1934, to have Ross and Shannon cited. From that judgment, plaintiff appealed to the Court of Appeal, First Circuit, and on December 4, 1934, that court reversed the judgment of the lower court, on the ground that Ross and Shannon had voluntarily appeared and submitted themselves to the jurisdiction of the court. 15S So. 38.
 

 The case is now before us for review on writs granted by this court on the application of Ross and Shannon.
 

 Service of citation, “if addressed to an individual, *■ * * may be made by handing same to him personally,” according to subsection 1 of section 1 of Act No. 179 of 1918, or at his domicile in accordance with subsection 9 of the same section, as is also provided by article 253, Code of Practice, but subsection 16 of section 1 of the act provides:
 

 “After suit has been brought and the
 
 defendant
 
 has appeared, through counsel, service of all other process in the suit, except garnishment process, but including supplemental petitions, should same be allowed by the court may be accepted, by, or service made upon, the attorney of record, and the right so to serve shall remain until the attorney shall have formally withdrawn from the case under order of court; and this rule shall also apply to the
 
 -plaintiff
 
 and his attorney, after suit filed.” (Italics ours.)
 

 Ross and Shannon did not appear as defendants in the original suit, but did appear by intervention.
 

 Article 389 of the Code of Practice defines “intervention” as follows:
 

 “An intervention or interpleader is a demand by which a
 
 third person
 
 requires to
 
 *257
 
 be permitted to become a party in a suit between other persons; by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both.” (Italics ours.)
 

 The question that arises is whether or not the interveners can be served through their attorney of record under the provisions of subsection 16, supra. We think not.
 

 This mode of service of citation is authorized on the theory that the attorney of the party in a suit is his representative and agent in all legal matters connected therewith. We think that service could have been made on Shannon and Ross through their attorneys of record of any process in connection with or incidental to their intervention. But the'mode of service provided for in subsection 16, being in derogation of the general law with reference to the regular methods authorized, the new method should be limited to cases clearly provided for in the statute.
 

 Counsel for Adams contend that the exception of “want of citation” filed on behalf of Ross and Shannon has the effect of waiving citation. We have carefully examined the authorities cited by counsel in support of their position and find them inapplicable to the facts presented in this case.
 

 In the case of Reynolds et al. v. Globe Fire Underwriters of St. Louis et al., 134 La. 515, 64 So. 396, 397, this court held:
 

 “The exception is inartificially drawn; but its evident and sole purpose is to deny the efficacy of the citations to bring the defendants into court, and the contention that it amounts to a waiver of citation is without merit.”
 

 It is obvious that the exception filed in this case was intended to strike solely at the citation, which was improperly and illegally made as to Ross and Shannon by serving the same on their attorneys of record, who had filed proceedings claiming the ownership of the property attached. An appearance for that purpose was not a waiver of proper citation.
 

 An exception to an improper or defective citation, when filed in limine and maintained, .does not have the effect of dismissing the suit, but rather places it in exactly the same status as it was at the time of its filing. McAlpin v. Jones, 10 La. Ann. 552; McDonald v. Vaughan, 13 La. Ann. 405; Godchaux v. Texas
 
 & P.
 
 Ry. Co., 151 La. 955, 92 So. 398.
 

 The time limit placed by the lower court for the service of citation after maintaining the exception was unauthorized and is of no effect.
 

 Counsel for. Adams, however, take the alternative position that Ross and Shannon, by filing their intervention, submitted themselves to the jurisdiction of the court ratione persone.
 

 The only authority under which interveners could bond the property is Act No. 51 of 1876. Section 1 thereof reads as follows:
 

 “In all suits in which property, real or personal, is attached, sequestered or provisionally seized in the actual-or constructive possession of one not a party to the suit in
 
 *259
 
 which said process issued,
 
 the said third party may,
 
 on intervening in the suit and on prima facie showing to the court that he is the bona fide owner, pledgee or consignee of said property,
 
 have the same restored to him until the final determination of the suit on executing a forthcoming bond
 
 in the same manner and amount, within the same delay, and with the same effect as a defendant in the suit now allowed.” (Italics ours.)
 

 Until the passage of Act No. 51, supra, the sole remedy of a third party claiming the ownership of property attached as in this case would have been under article 398 of the Code of Practice, which reads as follows:
 

 “If the opposition has for it's object to set aside the order of seizure as having been effected on property not belonging to the party against whom the order was directed, but owned on the contrary by the third person making the opposition;
 
 it must be done by means of a petition, which, together with a citation, must be served on the party making the seizure, as in ordinwy suits;
 
 but such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted; provided, that in all cases where personal property is seized upon mesne or final process, and is claimed by a third opponent, the seizing creditor may be allowed in his answer to the third opposition to allege and prove his title fraudulent, and the court shall try and- decide the issue thus made.” (Italics ours.)
 

 Thus it will be seen that the act of 1876 only
 
 authorized the bonding of the property attached
 
 by the third party claiming the ownership
 
 during pendency of the suit,
 
 while article 398 of the Code of Practice “has for its
 
 object to set aside the order of seizure
 
 as having been effected on property * * * owned * * * by the third person making the opposition,” which is “considered as' a separate demand.”
 

 In the case of Andrews v. Sheehy, 125 La. 217, 51 So. 122, this court held, as expressed in the syllabus, paragraph 5:
 

 “Where a nonresident, suing to annul a personal judgment rendered through a curator ad hoc, is met with a demand in reconvention (made in the alternative) for judgment as in the original suit, and
 
 he invoices the jurisdiction of the court for the determination of the questions,
 
 whether such demand discloses a cause of action and can be made in the alternative,
 
 he cannot after-wards,
 
 and on the appeal,
 
 be beared to raise the question that,
 
 having gone into court solely for the purpose of having an illegal judgment so declared, he
 
 did not submit himself to the jurisdiction
 
 for any other purpose.” (Italics ours.)
 

 From the case of Dawson v. Frazar, 150 La. 203, 90 So. 570, we quote the syllabus as follows:
 

 “Where a plaintiff enjoining the execution of a writ of seizure and sale is a resident of another state,
 
 a court of this state is vested with jurisdiction to entertain a reconventional demand,
 
 based on any cause of action that the defendant may have, whether it be incidental to, or connected with, the main cause of action or otherwise.” (Italics ours.)
 

 See, also, article 375, Code of Practice.
 

 But counsel for Ross and Shannon say on page 7 of their brief:
 

 
 *261
 
 “We coneede that under article 398 of the Code of Practice it would have been proper for Hal J. Ross and Jane Shannon to have sought relief by the usual form of petition and citation, but we do not coneede that appearance by petition and citation as in ordinary suit or by rule as they have done for the Sole and special purpose of having their property released from this attachment, and for no other purpose, they should be held to have submitted themselves to the jurisdiction of the court in personam.”
 

 In support of their contention, they cite the case of Chapman v. Irwin et al., 157 La. 920, 103 So. 263, 266. In that case the court, on rehearing, held:
 

 “We were in error in saying that defendant Irwin submitted himself to the jurisdiction of the court ratione personae, because he filed the exception to the jurisdiction and the motion to dissolve the attachment at the same time, and without reservation.”
 

 Counsel argue further that a third party appearing for the same purpose, as in Chapman v. Irwin, supra, i. e.,
 
 to obtain the release of his 'property from the attachment,
 
 even though the remedy of a defendant is by motion to dissolve the attachment and that of a third party is by third opposition, that there is no difference in principle, and his clients, by their acts in this case, did not submit themselves to the jurisdiction of the court for any other purpose than to obtain the release of the property attached.
 

 We cannot agree with counsel. The attachment of a nonresident’s property in a suit is the basis of the jurisdiction of the court. It is the well-settled jurisprudence of this state that if the
 
 defendant nonresident
 
 appeal’s for any purpose other than to question the jurisdiction of the court, he will be considered as having submitted himself to the jurisdiction of the court ratione personae. And necessarily the appearance of a nonresident defendant for the sole purpose of dissolving an attachment, if sustained, has the effect of defeating the jurisdiction.
 

 In the instant case, Ross and Shannon voluntarily appeared, without reservation, by petition of intervention in a suit to 'which they were not made parties defendant, and invoked the jurisdiction of the court to have themselves declared the owners of the property attached and to have the attachment dissolved. While it is true they also asked to be permitted to bond the property nevertheless we think their pleadings must be judged by the relief sought in the prayer of their petition.
 

 Summary process can only be resorted to in those cases expressly authorized by law, and the rule issued to determine the ownership of the property by summary ■ process in this case was unauthorized.
 

 Adams’ right to reconvene under the provisions of article 375 of the Code of Practice cannot be defeated because Ross and Shannon illegally proceeded in a summary manner instead of regularly. The fact that he was not served with a copy of the petition and citation does not change the form of the pleadings, and is a matter of which he (Adams) alone could complain, and by his answer and reconventional demand he waived the necessity thereof.
 

 
 *263
 
 For the reasons assigned, the judgment of the Court of Appeal is affirmed. All costs incurred on appeal and in this court to be paid by interveners, Ross and Shannon; all other costs to await the final determination of the suit.