Plaintiff brought this suit under the provisions of Act 298 of 1938, commonly known as the Sharecropper's Act, for the eviction of defendant from the occupancy of a certain building in the City of Shreveport, which was used as a store and residence.
It is evident from an examination of the record that unusual difficulty was experienced in serving citation upon defendant and in the course of the proceedings plaintiff found it necessary to file four supplemental and amended petitions. Notwithstanding the fact that the original petition was filed on October 14, 1946, hearing on the merits on the rule to show cause was not had until November 22, 1946. During the course of the proceedings defendant filed an exception to the citation, which was sustained by the District Court. Since this action constitutes the issue upon which defendant has based his principal contention in argument and brief before this Court, we quote the following showing from the minutes of the First Judicial District Court of October 25, 1946:
"Regularly taken up for trial on rule to show cause. Exception to citation, exception of no cause or right of action and answer filed. Exception to citation argued, submitted, sustained and said rule dismissed."
It is argued on behalf of defendant that the sustaining of the exception to the citation and the consequent dismissal of the rule terminated the action which could not then be later revived by the filing of additional supplemental petitions, which eventually were properly served upon defendant, and upon the basis of which supplemental pleadings trial of the rule was had resulting in judgment in favor of plaintiff, from which judgment this appeal is prosecuted by defendant.
[1] We have carefully considered the arguments that have been made in support of the position outlined above and have reached the conclusion that the action of the District Court in sustaining the exception to the citation did not effect the dismissal of plaintiff's action but simply delayed the prosecution of the litigation until proper service of citation might be had upon the defendant. This position is supported by the well-established pronouncements of our Courts on this point. The effect of an exception to citation is plainly set forth in the opinion of Justice Fournet in the case of Adams v. Ross Amusement Co., Inc., 182 La. 252, 161 So. 601, 603, in these words:
"An exception to an improper or defective citation, when filed in limine and maintained, does not have the effect of dismissing the suit but rather places it in exactly the same status as it was at the time of its filing. McAlpin v. Jones, 10 La. Ann. 552; McDonald v. Vaughan, 13 La. Ann. 405; Godchaux v. Texas P. Ry. Co., 151 La. 955, 92 So. 398."
The rule is stated in McMahon's Louisiana Practice, page 289(n) as follows: "Effect of judgment maintaining exception is simply the quashing of the citation and service objected to, and retarding of the litigation until proper process is served, not the dismissal of the suit itself." (Citing numerous cases in support.)
Reverting to defendant's exception, which was sustained, it is noted that the prayer thereof asked: "That the purported citation issued herein and directed to defendant, as well as the service thereof, be annulled and set aside."
[2] It is evident that the lower Court did not regard its action in sustaining the citation as effecting a dismissal of the suit. It is very true that the rule fixed for hearing on the date upon which the action was taken as to the exception was properly dismissed. This obviously necessitated the seeking by the plaintiff of the issuance of a new rule upon the defendant, which was *Page 70 
properly done by means of a supplemental and amended petition.
We do not consider that the summary nature of this action has any bearing upon the well-defined rule which we have set forth above.
While learned counsel for defendant confined himself in oral argument and in brief to a discussion of the defense which we have disposed of hereinabove, he was careful to impress upon the Court that he had not abandoned his contentions on the merits which, briefly stated, are to the effect that defendant was holding possession of the property under a verbal agreement of lease and therefore was not within the purview of the act which specifically excepts those persons holding possession as tenants or lessees. In disposing of this claim it is necessary that we set forth the pertinent facts that developed on trial.
By warranty deed dated June 1, 1946, defendant and his sister, Mary Provenza Maranto, conveyed all of their respective undivided interests, denominated in the deed as being an undivided one-fourth interest each, in and to certain property which included the premises involved in this litigation. The deed specifically provided that these particular premises were presently occupied by this defendant, Sam Provenza, one of the vendors in said deed, and that possession should be delivered to the vendee not later than July 1, 1946. Since possession was not voluntarily surrendered to plaintiff, who had purchased all the outstanding interests to the property and was the sole owner of full title thereto, by or upon the date fixed, July 1, 1946, he immediately began proceedings for the purpose of giving the required notice as the foundation for the institution of an ejectment suit.
In the absence of some agreement between plaintiff and defendant it is indisputable that defendant's right to continue his occupancy of the premises expired on July 1, 1946.
In support of his claim of an agreement defendant introduced in evidence certain checks which he represented had been paid in consideration of the rental of the premises.
[3] We do not find it necessary to enter into a detailed discussion of the vague, conflicting and contradictory testimony on this point. It suffices to say that we are convinced beyond any question that no agreement of any nature or character whatsoever pertaining to the continued occupancy of the premises by the defendant was ever entered into or authorized by plaintiff herein. In our opinion defendant has utterly failed to establish his claims, and we find, as did the District judge, that plaintiff was entitled to the relief sought.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.