HARDY, Judge.
This action was instituted by plaintiff seeking a money judgment in the nature of damages for the breach of a real estate brokerage contract entered into with defendant. The suit' was filed and citation issued and served on defendant on November 11, 1960. An exception to the citation interposed on behalf of defendant was sustained, and the citation was annulled and set aside by judgment of the district court rendered December 7, 1960. Pending action on defendant’s exception plaintiff caused to be issued and served on counsel for defendant-exceptor a copy of the original petition and citation in connection therewith. Again defendant excepted to the citation on the ground that service thereof on counsel was invalid, which exception was sustained on the ground that defendant had made an appearance for a limited purpose, had not submitted herself to the jurisdiction of the court, and, accordingly, the service upon her counsel was a nullity. Judgment annulling and setting aside the second citation was signed on January 10, 1961. Plaintiff has appealed from both judgments.
*76 Before this court defendant has filed a motion to dismiss plaintiff’s appeal on the ground that the judgments appealed from were interlocutory and no showing was made of irreparable injury.
We have no question as to the validity of the motion to dismiss. Judgment sustaining an exception to a citation does not effect a dismissal of a suit but simply delays the prosecution thereof pending proper issuance and service of citation upon the defendant. Provenza v. Provenza, La.App., 29 So.2d 68 (writs denied), and authorities cited, particularly Adams v. Ross Amusement Company, Inc., 182 La. 252, 161 So. 601.
Attention should be called to the fact that the record before us contains no showing of irreparable injury, the only reference thereto being found in appellant’s answer to the motion to dismiss the appeal in which it is asserted that defendant is a resident of the State of New York and that irreparable injury will be suffered by appellant if this appeal is not allowed, “ * * * because the defendant has no intentions (sic) of ever returning to Louisiana, *
The above averment, as we have stated, is de hors the record and cannot be considered as anything except a conclusion of fact. In any event, irreparable damage could not result simply because of the nonresidence of defendant, since plaintiff’s suit can be instituted at her known place of residence.
Inasmuch as the above findings clearly entitle defendant to judgment on the motion to dismiss the appeal, we do not feel at liberty to undertake a discussion and determination of the interesting question raised by brief of amicus curiae as the effect of service of citation upon November 11th (Armistice Day) designated by statute as a legal holiday.
The motion to dismiss the appeal is sustained at appellant’s cost.