148 So.2d 118 (1962)
Louise M. FRANCIS, as Administratrix of the Succession of Joseph Theodore Francis, Plaintiff and Appellant,
v.
TEXAS & PACIFIC RAILWAY EMPLOYEES HOSPITAL ASSOCIATION, Defendant and Appellee.
No. 704.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Rehearing Denied January 17, 1963.
*120 Gravel, Sheffield & Fuhrer, by David A. Sheffield, Alexandria, for plaintiff-appellant.
Gerard F. Thomas, Jr., Natchitoches, for defendant-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff, Mrs. Louise M. Francis, filed this suit as administratrix of the succession of her deceased husband, Joseph Theodore Francis, for certain medical and hospital expenses allegedly due the succession by the defendant, Texas & Pacific Railway Employees Hospital Association, a Texas corporation, of which the decedent is alleged to have been a member in good standing. The trial court sustained defendant's exception to the jurisdiction ratione personae and dismissed plaintiff's suit. Plaintiff appeals.
Plaintiff contends that even though the defendant is a Texas corporation, the district court of Rapides Parish has jurisdiction and venue under the provisions of LSA-C.C.P. Article 76 (formerly C.P. Article 165, sub-paragraph 10) which reads as follows:
"Action on insurance policy
"An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.
"An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.
"An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled."
The district court held LSA-C.C.P. Art. 76 inapplicable on the grounds that the facts do not show this to be an action on a health insurance policy. We canot agree with this conclusion.
LSA-C.C.P. Article 5251, which gives definitions of words and terms used in the new Code of Civil Procedure, states that the term "insurance policy" includes "all policies included within the definition in R.S. 22:5, and a life, or a health and accident policy, issued by a fraternal benefit society." LSA-R.S. 22:5, in the insurance code, does not give a definition of the specific word "policy" but defines "insurance" as a "contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies." We think that the term "insurance policy" in LSA-C.C.P. Article 76 includes any contract of insurance, regardless of the manner in which such a contract is evidenced. The word "policy" is not used in the restrictive sense of a specific document which must be delivered to the insured evidencing the entire contract.
In the case of Sheridan v. Thibodaux Benevolent Association, 19 La.App. 762, 134 So. 360 (1st Cir.App.1931) the court held that a membership certificate in a benevolent association was a form of life insurance and that the contract of membership entitled each member to sue for the benefits due in case of sickness or death in accordance with the terms of the membership certificate and the "Articles of Agreement" of the Association. The court cites Vance on Insurance (Hornbook Series) Section 30, page 58 for a full discussion of this problem. Even though the Sheridan case involved a benevolent association, *121 whereas the instant case involves a corporation, we think that the rule of law expressed therein is applicable here. It is no more necessary that a member of an incorporated association have a "policy" as evidence of his insurance contract than it is for a member of a benevolent society. In neither case is it necessary to have a "policy" in the sense of a document containing the entire agreement issued to each member. All that is necessary is that there be an insurance contract, regardless of whether this contract is evidenced by a membership certificate, the charter, general rules and bylaws of the organization or other instruments.
In the instant case there was no "policy", in the sense of a specific document delivered to Mr. Francis evidencing a contract of insurance, but there was an insurance contract whereby the defendant corporation agreed to idemnify Mr. Francis for certain specified medical and hospital expense incurred upon the contingency of his illness. The charter, general rules, and bylaws of this corporation, which are filed in evidence, show that all members who are in good standing, through the payment of monthly dues, are "entitled" to certain specified medical and hospital expenses. For instance, paragraph #1 of the general rules states that membership dues will be $6 per month, except for certain special types of employees or retirees. Paragraph #8 of the general rules provides that "members of the association shall be entitled to the following benefits outside of the hospital association hospitals, under the restrictions set out: * * *" and then goes on to state that emergency hospitals will be maintained at certain points, including Alexandria, Shreveport and New Orleans, Louisiana. This paragraph also provides that "any members who may be too seriously ill or injured to be moved with safety to his or her life, to the association hospital, may receive emergency medical or surgical aid from the nearest local surgeon of the association * * *." The suit filed in the instant case was for just such emergency medical care as is provided for under said paragraph #8.
Furthermore, paragraph #26 of the general rules provides that "All persons who accept service with and receive compensation from the Texas & Pacific Railway Company * * * and contribute to the hospital fund, shall, from that day, be considered as members of the association and entitled to its benefits, subject to the bylaws and general rules."
Also, the bylaws show that a contract of insurance is contemplated. Article X of the bylaws states that this association will have no capital stock and therefore the necessary funds for its operation will be raised by monthly assessment of the members to be deducted from their wages in an amount determined by the board of managers. This article also states: "The funds of the association shall be used solely in carrying out the purposes and objects of the association as set out in its charter." The charter states that the object and purpose of the association is "to provide medical and surgical treatment and care for the employees of the Texas & Pacific Railway. * * *" Article XVI of the bylaws relative to "complaints", states that "if at any time any of the persons who are entitled to the benefits of this association believe that they have just grounds for complaints. * * *"
Under the facts set out above, we are of the opinion that there was a health and accident insurance contract evidenced by the charter, general rules and bylaws of the corporation and that this falls within the meaning of a "health and accident insurance policy" under the provisions of LSA-C.C.P. Article 76 quoted above.
Defendant's next argument in this court is that there is no showing of jurisdiction ratione personae under the provisions of LSA-C.C.P. Article 6 which provides in pertinent part:
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a *122 party to an action or proceeding. This jurisdiction must be based upon:
"(1) The service of process on the defendant, or on his agent for the service of process."
In this case there was no service of process on the defendant. The only service was on the Secretary of State of Louisiana, who mailed the papers to defendant's office in Texas. Defendant argues that there is no special statute which permits the Secretary of State to act as its agent for service of process under the evidence in this record. We assume defendant is referring to LSA-R.S. 13:3471 which sets forth several special situations in which the Secretary of State may act as agent for service of process on foreign corporations. This statute provides generally (LSA-R.S. 13:3471(5) (c)) that if the foreign corporation is one required by law to appoint an agent in Louisiana, and has failed to do so, or if an agent was appointed but cannot be located, then service can be made through the Secretary of State. LSA-R.S. 13:3471(5) (d) provides that if the foreign corporation is not one required to appoint an agent, but has engaged in business in Louisiana, it may be served through its employees in this state, but if such employees cannot be found, then service can be made on the Secretary of State.
The plaintiff contends that defendant is a foreign corporation which is required by law to appoint an agent for service of process, and has appointed such an agent. Plaintiff reasons further that since the defendant did not except to the citation or process, but only to the jurisdiction, it has waived any objection which it could have raised to the fact that the agent appointed was not served or attempted to be served, these being matters related to process and not jurisdiction. Godchaux v. Texas & Pacific Railway Company et al., 151 La. 955, 92 So. 398; Baton Rouge Building Trades Council et al. v. T. L. James & Company, Inc. et al., 201 La. 749, 10 So.2d 606. Following this line of reasoning, plaintiff contends all objections to the method of citation and process are waived, and that actual service on the Secretary of State, vested in the court with jurisdiction ratione personae.
We cannot accept this argument by plaintiff because her major premise is missing, that is, the evidence in this case does not disclose that the defendant corporation has appointed an agent for service of process in Louisiana. In argument before this court, the defendant contends that we can take judicial cognizance of the contents of an official publication by the Secretary of State of the State of Louisiana entitled "Agents of Foreign Corporation, amended through July 31, 1962", which publication on page 444 thereof shows that the defendant, Texas & Pacific Railway Employees Hospital Association, appointed as its agent for service of process one E. S. Pennebaker. No statute has been cited, nor are we aware of any, which provides that we may take judicial notice of such an official record of this state. We note that LSA-C.C.P. Article 1393 provides that an official record of this state "when admissible for any purpose, may be evidenced by an official publication thereof." This clearly contemplates that such records must be put into evidence.
As stated above, under the provisions of LSA-C.C.P. Article 6, jurisdiction ratione personae is based on "[t]he service of process on the defendant, or on his agent for the service of process." In this case, the evidence does not show any statement of facts under which the Secreatary of State of the State of Louisiana is the agent for service of process on the defendant. The evidence does not show that the defendant has ever appointed an agent for service of process in Louisiana, or that the defendant corporation is one required by law to appoint and maintain an agent for service of process or that it is one engaged in business activities in this state so as to permit service on its employees or agents or *123 in their absence on the Secretary of State. See LSA-R.S. 13:3471(5) (c) and (d).
Defendant also argues that in any event the proper venue in this suit is not Rapides Parish, but rather is the Parish of East Baton Rouge, where the Secretary of State was served. Defendant contends that even assuming the State of Louisiana has jurisdiction, venue of this suit is controlled by LSA-C.C.P. Article 42(7) which provides that a suit against "[a] foreign or alien insurer shall be brought in the parish of East Baton Rouge." Our answer to this argument is that LSA-C.C.P. Article 42 provides the general rules of venue, subject to the exceptions set out subsequently in the code. LSA-C.C.P. Article 43 specifically states that the general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 83. It is in Article 76 we find the exceptions that an action on a health or accident insurance policy may be brought in the parish where the insured is domiciled or in the parish where the accident or illness occurred. In the instant case the injured was domiciled in Rapides Parish and the illness occurred in Rapides Parish.
The exception to the jurisdiction ratione personae must be sustained under the evidence presently in the record. However, LSA-C.C.P. Article 932 provides that "when the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court." It is apparent that the grounds for the declinatory exception in this case may be removed by amendment or further introduction of evidence by the plaintiff. We have decided this case should be remanded to the lower court for the purpose of allowing such an amendment of the petition or other action of the plaintiff under the provisions of LSA-C.C.P. Article 932, within a delay to be fixed by the lower court.
For the reasons assigned, the judgment appealed is reversed and set aside and it is now ordered, adjudged and decreed that this case be remanded to the lower court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.