WATSON, Justice.
Plaintiff, Elijah Green, holding a judgment for worker’s compensation benefits against defendant, Provencal Tie Mill, Inc., caused a writ of fieri facias to issue which resulted in the seizure of two hundred cross-ties, located on the premises of a sawmill operated at the time of plaintiff’s injury by Provencal. Cecil Boswell, a member of the family which formerly operated Provencal, filed a petition of intervention prior to judicial sale, of the cross-ties. Boswell claimed ownership of the seized cross-ties and he obtained issuance of a rule to show cause to plaintiff. Plaintiff' moved to dismiss the rule in a pleading which can be fairly considered as an exception to use of summary process. The motion was denied.
Thereafter, the trial court held a hearing on the rule to show cause, again overruled plaintiff’s objection to the mode of procedure, held that Cecil Boswell had proved his ownership of the ties in question, and ordered the sheriff to release them to him.
The ruling was affirmed by the Court of Appeal, chiefly on the basis of credibility. 411 So.2d 1228 (La.App. 3 Cir.1982). A writ of review was issued to consider the judgment and to determine whether there is any relief to which plaintiff is now entitled. 414 So.2d 380 (La., 1982).
Plaintiff contends initially that the trial court erred in hearing this matter on a rule to show cause. His position is well taken. A person claiming ownership of property seized under a writ of fi fa may assert his claim by intervention. LSA-C. C.P. art. 1092. The intervention is to be asserted by the filing of a petition. LSA-C.C.P. art. 1093.[1] Injunctive relief is available to the intervenor to prevent a sale before adjudication of his claim of ownership. LSA-C.C.P. art. 1092. There is no provision for use of summary process. LSA-C.C.P. art. 2592.
In the present case, Boswell, the interve-nor, properly filed a petition asserting his claim to the ownership of the seized cross-ties, although the trial court was in error when it ordered that a rule to show cause issue to plaintiff. Adams v. Boss Amusement Co., 182 La. 252, 161 So. 601 (1935). The trial of the ownership of the seized cross-ties by summary process was improper.
However, following the overruling of plaintiff’s motion objecting to the use of summary process, plaintiff did nothing to preserve his rights. He did not, for example, seek supervisory writs. Following the hearing on the merits of the rule, plaintiff failed again to take steps to preserve his rights. He did not, for example, appeal suspensively. Defendant’s counsel asserts in brief, and plaintiff’s counsel admits in oral argument, that the cross-ties released by order of the trial court have now been sold. Therefore, the dispute over ownership of the cross-ties is moot and there is nothing before this court for adjudication.[2]
The writ will be recalled as having been improvidently issued.
WRIT RECALLED.
LEMMON, J., dissents.

. Compare Art. 398, Code of Practice of 1870.

. Plaintiff’s counsel urges that we make findings concerning the legal status of Provencal Tie Mill, Inc., but the present posture of the case does not present any appropriate issues for determination.